MARSHALL, RESPONDENT, *v.* TRERISE ET AL., DEFENDANTS; TRERISE, APPELLANT.

(No. 2,127.)

(Submitted June 19, 1905.  Decided July 14, 1905.)

*Real Estate—Agents—Sale—Contracts—Statute of Frauds—*
*—Instructions—Evidence.*

Real Estate—Brokers—Contracts—Statute of Frauds.
    1.   Where it did not appear that a broker's contract of employment to sell real estate was in writing, or that any note or memorandum thereof, signed by the party to be charged, had been executed as required by Civil Code, section 2185, subdivision 6, no recovery could be had for services rendered thereon.

Real Estate—Sale—Agents—Counterclaims—Conflicting Instructions.
    2.   In an action on a promissory note for $700, where a counterclaim was interposed setting up that plaintiff was indebted to defendants in the sum of $1,000 for services performed by one of them as real estate agent, instructions examined and *held* not to be conflicting.

Evidence—Contracts—Counterclaims.
> 3.  Evidence introduced by defendant to prove a counterclaim for services as a real estate agent, no testimony having been offered by plaintiff in opposition thereto, *held* to be insufficient to prove a contract upon which the counterclaim—even upon an erroneous theory of the court as to the law applicable—could be supported.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by J. W. Marshall against J. H. Trerise and another. From a judgment in favor of plaintiff and from an order denying his motion for a new trial, defendant Trerise appeals. Affirmed.

*Mr. B. S. Thresher,* and *Mr. O. J. Saville,* for Appellant.

Where the instructions on a material point are conflicting and contradictory it is impossible for the jury to decide which should prevail, and it is equally impossible after the verdict to know that the jury was not influenced by that instruction which was erroneous, as the one or the other must necessarily be where the two are repugnant. (*State* v. *Sloan,* 22 Mont. 293, 56 Pac. 364; *Heilbronner* v. *Lloyd,* 17 Mont. 307, 42 Pac. 853; *Kelly* v. *Cable Co.,* 7 Mont. 77, 14 Pac. 633; *Flick* v. *Gold Hill Min. Co.,* 8 Mont. 298, 20 Pac. 807; *Brown* v. *McAllister,* 39 Cal. 573; *Aguirre* v. *Alexander,* 58 Cal. 27; *State* v. *Shadwell,* 22 Mont. 575, 57 Pac. 281.)

*Mr. C. M. Parr,* for Respondent.

"An erroneous instruction which produces no injury will not be ground for reversal." (Hayne on New Trial and Appeal, secs. 132, 286; *Hisler* v. *Carr,* 34 Cal. 645; *Bradley* v. *Lee,* 38 Cal. 362; *Satterlee* v. *Bliss,* 36 Cal. 519.) If the defendant be not entitled to recover upon the whole case, errors in instructions as to the defense will not be regarded. (*Enright* v. *San Francicso etc. R. R. Co.,* 33 Cal. 283; *Barth* v. *Clise,* 12 Wall. 401, 20 L. Ed. 393; Hayne on New Trial and Appeal, sec. 132.)

Error which does not affect the substantial rights of the losing party in the court below cannot be complained of by him, and

furnishes no ground for reversing the judgment. (*Dikeman* v. *Parrish*, 6 Pa. St. 210, 47 Am. Dec. 465; *Frankfort Bridge Co.* v. *Williams*, 9 Dana (Ky.), 403, 35 Am. Dec. 155; *Lee* v. *Ashbrook*, 14 Mo. 378, 55 Am. Dec. 110; *Kilburn* v. *Ritchie*, 2 Cal. 145, 56 Am. Dec. 326; *Johnson's Ex.* v. *Jennings' Admr.*, 10 Gratt. 1, 60 Am. Dec. 323.)

MR. JUSTICE MILBURN delivered the opinion of the court.

Plaintiff sued the defendants upon their promissory note for $700 and for attorneys' fees, and recovered judgment as prayed. The defendant Trerise appeals from the judgment and from an order denying his motion for a new trial.

The defendants admitted the making of the note, but denied that there was anything due from them to the plaintiff, in that the plaintiff was indebted to Trerise in the sum of $1,000 for services performed by defendant Orr as a real estate agent, his claim having been assigned to defendant Trerise before the commencement of the action.

Two errors are assigned: First, that the instructions are conflicting; and, second, that the verdict and the judgment are contrary to the evidence—the defendant's position as to the latter assignment being that the evidence in support of his claim was sufficient, and that there had not been introduced any testimony whatever by the plaintiff in opposition thereto, and that therefore the jury should have found for him on the counterclaim.

The instructions, as they appear in the record, are not arranged in proper order. They are few, being only four, the one numbered "2" being first given. It is in regard to the counterclaim, and telling the jury that if it should find from the evidence that plaintiff engaged Orr as alleged, and agreed to pay him $1,000 for his services, and that Orr carried out his contract, and that the claim had been assigned to Trerise and had not been paid, then Trerise was entitled to recover in the action.

Instruction No. 1, next given, tells the jury that if it should find for Trerise in excess of the amount due on the note there

should be deducted the amount due upon the note from the amount due upon the counterclaim, and a verdict should be rendered for Trerise for the difference.

The third instruction tells the jury about the attorney's fee, and says that, "If you find for the plaintiff, you shall also find a reasonable attorney's fee." The last instruction informs the jury that the defendants admitted the making and delivery of the note, and if the jury believed from the evidence that the defendants had not paid the same except some interest, then the verdict should be for the plaintiff for the principal sum sued for, with interest.

The effect of these instructions is that the jury should adjust the differences between the two parties, and that if it should find for the defendant Trerise in a sum in excess of what might be owing on the note with attorney's fee, then the defendant should have a verdict, otherwise not; and that in any event it should find for the plaintiff for the note, if it had not been paid; and if the counterclaim had not been proven to their satisfaction, then he should have a verdict accordingly for the amount owing upon the note, with attorney's fee.

The theory of the case as submitted by the court to the jury as to the counterclaim was wrong, inasmuch as it does not appear that the contract between the broker and the vendor was in writing, as it should have been under subsection 6 of section 2185 of the Civil Code, to wit: "An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission" is invalid unless the same or some note or memorandum thereof be in writing, and subscribed by the party to be charged or his agent. (*King* v. *Benson,* 22 Mont. 256, 56 Pac. 280.)

The court submitted the matter of the counterclaim to the jury upon the evidence introduced by defendant, and, as we have seen, gave instructions upon the same as though the aforementioned section of the statute of frauds did not exist. But the question before us is whether or not the evidence thus erroneously submitted to the jury supports the verdict. We have

examined it carefully, and are of the opinion that no contract was proven by the defendant upon which the counterclaim—even upon the erroneous theory of the court as to the law—could be supported.

The instructions are not conflicting, and the evidence is not sufficient to support the counterclaim, and these being the only errors assigned, the judgment and order must be affirmed.

*Affirmed.*

MR. C ief JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied October 10, 1905.